IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-148-GMS |
| Israel Mazariegos-Ortiz, | : | |
| Defendant. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Israel Mazariegos-Ortiz, by and through his undersigned counsel, Luis A. Ortiz, Assistant Federal Public Defender for the District of Delaware, submits the following Sentencing Memorandum in support of his April 23, 2008 sentencing hearing. For the reasons set forth below, Mr. Mazariegos-Ortiz respectfully requests a sentence at or slightly below the bottom of the Sentencing Guidelines range of 10 to 16 months, which would be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**I. FACTUAL BACKGROUND**

On November 6, 2007, a Grand Jury for the District of Delaware returned a one count indictment charging the defendant with illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). On January 11, 2008 Mr. Mazariegos-Ortiz pled guilty to one count of the indictment. Sentencing is scheduled for April 23, 2008.

Mr. Mazariegos-Ortiz personal history and background are set forth in his Presentence Report "PSR". Mr. Mazariegos-Ortiz, however, seeks to highlight several facts that may guide the Court's consideration of his sentence. Defense counsel submits that a sentence at or below the bottom of the

applicable guideline range is wholly appropriate in the instant case. Defense counsel submits that the misdemeanor conviction for assault second referenced in the PSR, is not an accurate reflection of Israel Mazariegos-Ortiz's true character and history. Defense counsel has spoken to the victim, referenced in the complaint against Mr. Mazariegos-Ortiz, who is currently his wife. She has stated that she is Bi-Polar and that on the night of Mr. Mazariegos-Ortiz's arrest, a friend had disclosed to Mr. Mazariegos-Ortiz that she had recently aborted a pregnancy, without telling Mr. Mazariegos-Ortiz. The child would have been Mr. Mazariegos-Ortiz's. Furthermore, this occurred at a party where people were hoping for a confrontation and gave Mr. Mazariegos-Ortiz rum, which he does not normally drink.

Ultimately, Mr. Mazariegos-Ortiz confronted his future wife and told her he felt that she had "killed their child." Mr. Mazariegos-Ortiz's wife says she then pushed her boyfriend in a fit of rage and a scuffle ensued. The police were called and the couple went to court together to try and resolve the matter. Mr. Mazariegos-Ortiz's wife says she feels she got extremely poor advice and allowed her husband to plead guilty for the incident noted above. She says her husband is an extremely quite and gentle man and this incident is wholly out of character. She will appear in court at Mr. Mazariegos-Ortiz's sentencing to clarify the circumstances surrounding this unfortunate incident.

Mr. Mazariegos-Ortiz's wife has also indicated to defense counsel, that she pleaded with her husband to return to the United States following his deportation. She said she told him that she could not live without his support due to her mental illness. She also informed her husband, that their son was autistic and that he should not abandon him like he had been abandoned. She knew what effect this would have on him, and says she played a very significant role in prompting his return.

Finally, Mr. Mazariegos-Ortiz's wife says that Israel Mazariegos-Ortiz is an outstanding

husband and father, and because of that she has decided to move to Guatemala to be with her husband. For all the above reasons, a sentence at or below the advisory Guideline range is respectfully requested.

## II. GUIDELINES CALCULATION

As calculated by his PSR, Israel Mazariegos-Ortiz has a total offense level of 10 and is in Criminal History Category III. The corresponding Guidelines range is 10 to 16 months.

## III. DISCUSSION

On January 12, 2005, the Supreme Court, as a remedy to cure the Sixth Amendment problems inherent in the mandatory application of United States Sentencing Guidelines under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), "severed and excised" two provisions of the Sentencing Reform Act. <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). The provisions affected are the elements of the Sentencing Reform Act which operate to make the Guidelines mandatory; Sections 3553(b)(1) and 3742(e). The result is that the Guidelines are now, consistent with the ordinary meaning of the term "guidelines," advisory only. District courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3553(a), which survives the <u>Booker</u> decision, directs the Court how to proceed in sentencing a defendant. First, it limits the court's sentencing authority as follows: "The court <u>shall impose a sentence sufficient, but not greater than necessary</u>, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a) (emphasis added). Paraphrased, these purposes include punishment, general and specific deterrence and the need to provide the defendant

with needed training and care. Id. § 3553(a)(2).[1] Second, Section 3553(a) directs that the court "shall consider" seven listed factors "in determining the particular sentence to be imposed." These include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the range of sentences and any pertinent policy statements established under the guidelines, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims of the offense. Id. § 3553(a)(1)-(7). Thus, post-Booker, the guidelines are now to be considered as one of several factors that the Court must consider in determining an appropriate sentence.

It is wholly appropriate for this Court, after considering all relevant Section 3553(a) factors, to sentence Israel Israel Mazariegos-Ortiz at or slightly below the bottom of the advisory Guidelines range of 10 to 16 months. Mr. Mazariegos-Ortiz believes that such a sentence would not be inconsistent with Booker and the Supreme Court's subsequent sentencing decisions. See e.g., Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007). The requested sentence reflects the goals of sentencing set forth in Section 3553(a)(2), by reflecting the nature and seriousness of the offense, providing deterrence to future conduct and allowing Israel Mazariegos-Ortiz the opportunity to start a new life with his wife in Guatemala as soon as possible.

---

[1] Quoted fully, paragraph 2 directs the court to consider the need for the sentence imposed-
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;'
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## IV. **CONCLUSION**

For all of the above stated reasons, and any other reasons that this Court may find, Israel Mazariegos-Ortiz respectfully requests a sentence at or slightly below the bottom of the Guidelines range, to be followed by a period of supervised release. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of punishment, retribution, deterrence, incapacitation and rehabilitation.

                    Respectfully submitted,

                    */s/ Luis A. Ortiz*
                    Luis A. Ortiz, Esquire
                    Assistant Federal Public Defender

                    Attorney for Israel Mazariegos-Ortiz

                    Federal Public Defender's Office
                    District of Delaware
                    704 King Street, Suite 110
                    Wilmington, Delaware  19801
                    (302) 573-6010
                    ecf_de@msn.com

Dated: April 7, 2008